(68 Misc. Rep. 555.)

NEW YORK TAXICAB CO. v. HAWK & WETHERBEE et al.

(Supreme Court, Special Term, New York County. August, 1910.)

1. CARRIERS (§ 11*)—CONTRACTS—VALIDITY—VIOLATION. OF CITY ORDINANCE.

A contract by the proprietor of a hotel in New York City, granting to a cab company the exclusive right to maintain a motor cab service station for transportation of guests and such other persons as might desire to use the company's vehicles in the street adjacent to the hotel, is violative of Rev. Ord. New York City, § 317, providing for specially licensed cabs to use temporarily a portion of the street in front of hotel premises as a stand, and that such cabs shall be confined to carrying passengers from such premises, and section 318, providing that specially licensed cabs shall not solicit or take any passengers on the street, but shall confine themselves solely to and for use of guests of the hotel, and hence was invalid.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 213; Dec. Dig. § 11.*]

2. CONTRACTS (§ 303*)—CONTRACTS FOR PASSENGER SERVICE—BREACH—EXCUSE.

Where a cab company, under a contract with a proprietor of a hotel giving it the exclusive right to maintain a service station in the street adjacent to the hotel, agreed to furnish a service adequate to the needs of the hotel, it was no excuse for an inadequate service that the city refused to issue a license to station more than three cabs in front of the hotel, though the contract provided that an interruption or reduction of the company's service by governmental interference should not be deemed a breach, where it did not appear that the company, notwithstanding the refusal, might not have provided an adequate service.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 303.*]

Action by the New York Taxicab Company against Hawk & Wetherbee and another. Complaint dismissed.

Colby & Goldbeck (Edward D. Brown, of counsel), for plaintiff.
W. J. Fanning, for defendants.

GOFF, J. On October 22, 1907, the plaintiff, which is engaged in the business of operating motor cabs in the city of New York, and the defendant Hawk & Wetherbee, a corporation which conducts the Hotel Manhattan in that city, entered into a written contract by which the hotel company gave to the plaintiff, so far as it could do so, "the exclusive right, license, and privilege, for a period of five years from November, 1907, to maintain, conduct, and operate a motor cab service station, to be known as the 'Hotel Manhattan Station,' in the streets adjacent to the Hotel Manhattan, as a day and night stand for motor vehicles (horse-drawn vehicles excepted), to conduct the transportation and carrying of the permanent or transient guests of said hotel and such other persons as may desire to use vehicles of the Taxicab Company from or to said station." The plaintiff undertook to provide adequate service during the period mentioned, and "to pay to the Hotel Manhattan * * * a sum equal to 10 per cent. of the fares which shall be collected by it during said five years from permanent or transient guests of said hotel and from

such other persons (not guests) who shall enter cabs at said Hotel Manhattan Station."

On August 1, 1908, the hotel company notified plaintiff that it desired to terminate the arrangement on September 1st. No reason was assigned for this attempted rescission of the contract, but it is now proven that plaintiff's service was inadequate to the needs of the hotel. In explanation, plaintiff shows that after the contract had been executed it obtained a city license to station not more than three cabs in front of the hotel, and. that it would frequently happen that, after all three had been engaged and driven away, hotel guests would call for others before plaintiff could move them up from its garage or other of its stands. Its application for a license to maintain more than three cabs at that stand was refused by the city, for the assigned reason that the increased number would interfere with police traffic regulations. In the meantime, and during June, July, and August, 1908, motor cabs of the defendant William Seaich Company frequently drew up at the hotel entrance and received passengers, whereupon plaintiff, claiming under its contract the exclusive privilege of maintaining a motor cab stand at that point, brought this action to restrain both defendants from conducting or maintaining a motor cab service or stand at the entrance of the hotel, except that maintained by the plaintiff, and to restrain the hotel company from applying to the city of New York for a revocation of plaintiff's license.

By a clause in the contract of October 22, 1907, it was provided that an interruption or reduction of plaintiff's service by governmental interference should not be deemed a breach of contract. The inability of plaintiff to obtain a license for a stand for more than three cabs was neither interruption nor reduction of its service, nor did it make the contract impossible of performance. For all that appears to the contrary, plaintiff might have engaged private premises in the near vicinity on which to keep additional cabs, so that at least one could always be found at the stand. That would have imposed an additional burden on plaintiff, but inadequate service was not thereby justified. Baker v. Johnson, 42 N. Y. 126.

There is another reason why this complaint should be dismissed. The contract on which it is founded is illegal. Section 317 of the Revised Ordinances of the city of New York provides for specially licensed cabs "to use temporarily a portion of the street in front of said premises as a stand and shall be confined to carrying passengers from said premises." Section 318 provides that specially licensed cabs "shall not solicit nor take any passenger or passengers on the streets, but shall confine themselves solely to and for the use of the guests of said hotel or hotels." These ordinances are valid and within the power of the municipal legislature. City of New York v. Reesing, 38 Misc. Rep. 129, 77 N. Y. Supp. 82, affirmed 77 App. Div. 417, 79 N. Y. Supp. 331. The contract, in contemplating that the hotel company should consent to a special license to plaintiff and for payment by plaintiff to the hotel company of a commission on fares received from passengers not guests of the hotel, provides for carrying on a business in violation of the ordinances. In effect, it is a lease by the

hotel company of a part of the public street at a rental, as shown by the proof, of over two hundred dollars a month. Contracts in violation of the ordinances are invalid. Burger v. Koelsch, 77 Hun, 44, 28 N. Y. Supp. 460. The contract in suit cannot be enforced in equity.

A decree should be entered accordingly.